IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cr-00001 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARONE LAMONT CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Darone Lamont Crawford, through counsel, filed a motion for immediate release and to dismiss the pending supervised release violation with prejudice (R. 20), which the government opposed. (R. 21). On May 22, 2025, the Court referred Defendant's motion to the assigned magistrate judge for the preparation of a report and recommendation, who held a hearing on the issue on May 28, 2025. Thereafter, on June 2, 2025, Magistrate Judge James E. Grimes, Jr. issued a Report and Recommendation (R&R) that Defendant's motion be denied. (R. 22). As of the date of this decision, Defendant has not filed any objections.

### I. Background

The Magistrate Judge's R&R sets forth the background of this matter as follows:

Crawford is currently on supervised release after a previous conviction. *See* Doc. 13. Following the issuance of violation report, *see id.*, questions arose as to his competency, *see* Doc. 14. On January 22, 2025, the Court entered an order finding that Crawford "is 'presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" Doc. 19, at 1 (quoting 18 U.S.C. § 4241(d)). The Court thus "commit[ted] [Crawford] to the custody of the Attorney General for 'a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future[,] he will attain the capacity to permit the proceedings to go forward.'" *Id*. (quoting 18 U.S.C. § 4241(d)).

> In February, a representative of the Bureau of Prisons informed counsel that Crawford was "scheduled to arrive at [Federal Medical Center] Devens [during] the week of May 5th." Doc. 20-1, at 2. She explained that defendants are placed on a "waitlist according to the date of their court order." *Id*. at 1. Crawford was admitted to the Federal Medical Center on May 7, 2025. Doc. 21-3, at 2.

(R. 22, PageID# 126-127).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Generally, a district court must make a *de novo* determination of those portions of a magistrate judge's recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). "When no objections are made, as in this case, this Court is not required to 'review ... a magistrate's factual or legal conclusions, under a *de novo* or any other standard.'" *United States v. Hamilton*, 326 F. Supp. 3d 354, 358 (E.D. Ky. 2018) (*quoting Thomas v. Arn*, 474 U.S. 140, 151 (1985)).

"In this circuit, the failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting [28] § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Forfeiture for failing to object to a magistrate judge's report and recommendation is not limited to the civil context. The Sixth Circuit has addressed a criminal defendant/appellant's argument, which was not raised in an objection to a magistrate judge's report and recommendation, as follows:

> The second question, then, is whether Droganes waived his specific argument when he failed properly to object to the magistrate judge's report and recommendation. **We answer in the affirmative**. The magistrate judge found that the government used an

> appropriate standard (27 C.F.R. § 555.11) to classify the seized fireworks. Likewise, the magistrate judge found that the government had "established by a preponderance of the evidence that the fireworks contained on the Red List ... [were] subject to forfeiture," demonstrating at least implicit approval of the testing methods used to generate the list. The magistrate judge concluded with a warning that "[p]oorly drafted objections, general objections or objections that require a judge's interpretation [would] be afforded no effect and [would be] insufficient to preserve the right of appeal." But this warning seems to have been lost on Droganes. He only lodged one relevant objection at the time[.] *** On appeal, however, Droganes attempts to recycle his since-abandoned argument that the government used an incorrect classification standard and testing methods. The problem is that this very same issue was taken up and decided in the magistrate judge's report and recommendation. **Because Droganes failed to lodge his objections the first time around, he has waived his right to pursue them on appeal**. *See Cowherd*, 380 F.3d at 912.

*United States v. Droganes*, 728 F.3d 580, 587 (6th Cir. 2013) (emphasis added).

### III. Analysis

In the case at bar, the R&R expressly placed the parties on notice as to the potential for forfeiture in the event of a failure to object. (R. 22, PageID# 132).[1]

Unlike in *Droganes*, Defendant in this case has not lodged *any* objections. In *United States v. Gonzalez*, 849 Fed. App'x 557, 565 (6th Cir. 2021), a district court found a criminal defendant had waived the arguments raised in a motion to suppress after a magistrate judge had addressed the arguments and ordered the parties to file objections within a fourteen-day period. In light of the district court's ruling, the Court of Appeals found that defendant "waived the issue on appeal." *Id*. at 565. Thus, the Court deems the arguments raised in Defendant's motion as forfeited, and it is unnecessary for this

---

[1] The R&R stated that: "ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019); *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013)."

Court to conduct a *de novo* review of the arguments raised in Defendant's motion and the Magistrate Judge's resolution of those issues.

Moreover, even considering the issues *de novo*, the Court wholly agrees with the Magistrate Judge's disposition and finds no error. Defendant had argued that under 18 § U.S.C. 4241(d)(1), the Bureau of Prisons ("BOP") had four months *from the date of the Court's order* to reach a determination as to his mental condition. The Court agrees with the R&R's determination that Defendant's position is unsupported. Instead, it agrees with the R&R's assessment—as well as the weight and rationale of the authority cited in the R&R—that the text of § 4241(d)(1) makes clear that the four-month time limit *applies only to the period of hospitalization* and begins to run only once the defendant has been hospitalized. (R. 22, PageID# 129). As stated above, Defendant was not admitted to the Federal Medical Center in Devens, Massachusetts until May 7, 2025, and the fourth-month period has *not* expired. (R. 21-3, PageID# 122).

Turning to Defendant's argument that the several months it took Defendant to receive a spot at the Federal Medical Center itself constitutes a due process violation (R. 20), the Court disagrees for the reasons stated in the R&R.[2] The Court further agrees with the authority cited therein, namely *United States v. Bradley*, 112 F.4th 1132, 1135 (7th Cir. 2024), which addressed a nearly identical argument to the one raised by Defendant:

> Bradley suggests that dismissal of her indictment may be required by *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), but we do not see why. Jackson held that a state "cannot constitutionally commit [a person] for an indefinite period simply on account of his incompetency to stand trial on the charges filed against him." *Id*. at 720, 92 S.Ct. 1845. The United States did not do that to Bradley. Detaining someone before trial to learn whether she is or can be competent to assist in her own defense is outside the scope of *Jackson* unless the detention is so extended that it becomes

---

[2] Defendant's motion relies heavily on *Jackson v. Indiana*, 406 U.S. 715 (1972).

> unreasonable. *Id*. at 738, 92 S.Ct. 1845. *See United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (pretrial detention generally is permissible).
>
> Bradley constructs a syllogism in which she uses *Jackson* for the major premise that detention to determine competence must not exceed a reasonable time. The minor premise, from § 4241(d)(1), is that detention exceeding four months is unreasonable. Conclusion: to violate § 4241 is to violate the Constitution. **Yet *Jackson* did not hold or even hint that four months is too long. *Jackson* dealt with indefinite detention (3½ years and counting) of a person known to be incompetent**, and it held that such a person must be referred to the normal apparatus for determining whether civil commitment is appropriate. *See also Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).
>
> A violation of § 4241, like a violation of any other federal statute or regulation, is just a violation of enacted law, not of society's basic compact. *See United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). Congress is free to direct the bureaucracy to act faster than the Constitution requires on its own; this does not imbue the shorter deadline with constitutional status. *Cf. Virginia v. Moore*, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). When a statute or regulation does not specify a remedy, judges must choose a fitting one. Compulsory dismissal of the indictment with prejudice is not an appropriate remedy for an evaluation under § 4241(d)(1) that takes more than four months.

*Bradley*, 112 F.4th at 1134-35 (emphasis added).

For the reasons stated above, the R&R is adopted in its entirety.

### III. Conclusion

The Court has carefully reviewed the R&R and finds Defendant has forfeited any argument by failing to object. Alternatively, even considered *de novo*, the Court agrees with the Magistrate Judge's assessment and adopts the R&R in its entirety. The Magistrate Judge's R&R (R. 22) is hereby ADOPTED and Defendant's Motion for immediate release and to dismiss the pending supervised release violation is DENIED.

IT IS SO ORDERED.

Date: July 23, 2025                    */s/ David A. Ruiz*
                                        DAVID A. RUIZ
                                        UNITED STATES DISTRICT JUDGE